```
McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-CV-02662-GEB-JFM |
| )  Plaintiff, ) | CONSENT JUDGMENT OF FORFEITURE |
| )   v. ) | |
| APPROXIMATELY $44,324.54 IN U.S. ) CURRENCY SEIZED FROM WELLS FARGO ) BANK BUSINESS CHECKING ACCOUNT ) #XXXX167498, HELD IN THE NAME OF ) ABDUL HIRANI DBA BIG D LIQUOR, ) | |
| APPROXIMATELY $6,346.51 IN U.S. ) CURRENCY SEIZED FROM WELLS FARGO ) BANK BUSINESS CHECKING ACCOUNT ) #XXXX326144, HELD IN THE NAME OF ) HIRANI VALLEY INVEST LLC DBA ) HOWARD JOHNSON EXPRESS INN, ) | |
| APPROXIMATELY $3,716.60 IN U.S. ) CURRENCY SEIZED FROM WELLS FARGO ) BANK PERSONAL CHECKING ACCOUNT ) #XXXX823521, HELD IN THE NAMES OF ) ABDUL HIRANI AND SONIYA HIRANI, ) | |
| APPROXIMATELY $27,766.36 IN U.S. ) CURRENCY SEIZED FROM WELLS FARGO ) BANK BUSINESS CHECKING ACCOUNT ) #XXXX166904, HELD IN THE NAME OF ) ABDUL HIRANI DBA GIFTS AND SMOKES ) 4 LESS, AND ) | |
| APPROXIMATELY $22,541.19 IN U.S. ) CURRENCY SEIZED FROM WELLS FARGO ) BANK BUSINESS CHECKING ACCOUNT ) | |

```
#XXXX151791, HELD IN THE NAME OF    )
ABDUL HIRANI DBA GIFTS AND SMOKES   )
4 LESS,                             )
                                    )
            Defendants.             )
                                    )
```

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On June 17, 2008, Magistrate Judge Kimberly J. Mueller authorized the seizure of funds in the above-captioned bank accounts (hereafter "the defendant funds") based upon a finding of probable cause that the defendant funds were subject to forfeiture to the United States based upon violations of 31 U.S.C. §§ 5324(a)(1) (causing and attempting to cause a domestic financial institution to fail to file a currency transaction report (CTR) and (a)(3) (structuring).  See <u>All funds maintained at Wells Fargo Bank business checking account #xxx166904, held in the name of Abdul Hirani dba Gifts and Smokes 4 Less</u>, 2:08-SW-230-KJM, see also 2:08-SW-231-KJM, 2:08-SW-232-KJM, 2:08-SW-233-KJM, and 2:08-SW-234-KJM. On or about June 17, 2008, the Internal Revenue Service, Criminal Investigation ("IRS") executed the seizure warrants against the defendant funds.  IRS then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about August 11, 2008, the IRS received claims from Abdul Hirani and Soniya Hirani asserting an ownership interest in the Approximately $44,324.54 in U.S. Currency seized from Wells Fargo Bank business checking account #XXXX167498, held in the name of Abdul Hirani dba Big D Liquor; the Approximately $6,346.51 in U.S. Currency seized from Wells Fargo Bank business checking account #XXXX326144, held

in the name of Hirani Valley Invest LLC dba Howard Johnson Express Inn; the Approximately $3,716.60 in U.S. Currency seized from Wells Fargo Bank personal checking account #XXXX823521, held in the names of Abdul Hirani and Soniya Hirani; the Approximately $27,766.36 in U.S. Currency seized from Wells Fargo Bank business checking account #XXXX166904, held in the name of Abdul Hirani dba Gifts and Smokes 4 Less; and the Approximately $22,541.19 in U.S. Currency seized from Wells Fargo Bank business checking account #XXXX151791, held in the name of Abdul Hirani dba Gifts and Smokes 4 Less.  On or about August 13, 2008, IRS received claims from Zulfikar Hirani and Sofia Hirani asserting ownership interests in the Approximately $44,324.54 in U.S. Currency seized from Wells Fargo Bank business checking account #XXXX167498, held in the name of Abdul Hirani dba Big D Liquor, and the Approximately $6,346.51 in U.S. Currency seized from Wells Fargo Bank business checking account #XXXX326144, held in the name of Hirani Valley Invest LLC dba Howard Johnson Express Inn.

    2.   If this matter proceeded to trial in a civil forfeiture proceeding the government would show that between June 27, 2007 and March 7, 2008, in the Eastern District of California and elsewhere, Abdul and Soniya Hirani structured transactions by breaking up currency deposits at or below $10,000.00 to evade the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3).  The evidence would further show that Abdul and Soniya Hirani conducted currency deposit transactions with the intent to cause or attempt to cause a domestic financial institution to fail to file a CTR in violation of 31 U.S.C. § 5324(a)(1).  In particular, and as specified in greater detail in the affidavit in support of seizure

1  warrants 2:08-SW-230-KJM, 2:08-SW-231-KJM, 2:08-SW-232-KJM, 2:08-
2  SW-233-KJM, and 2:08-SW-234-KJM, between June 27, 2007 and March 7,
3  2008 at least $306,919.00 in funds were structured into Wells Fargo
4  bank accounts XXXX166904, XXXX151791, XXXX167498, XXXX326144 and
5  XXXX823521.

6      3.  Without admitting the truth of the factual assertions
7  contained above or in the affidavits in support of the seizure
8  warrants, potential claimants specifically denying the same, and
9  for the purpose of reaching an amicable resolution and compromise
10 of this matter and all civil claims arising out of the factual
11 averments made in said documents described above, potential
12 claimants agree that an adequate factual basis exists to support
13 forfeiture of all of the defendant funds.  Potential claimants
14 acknowledge that they are the sole owners of the defendant funds
15 and that no other person or entity has any legitimate claim of
16 interest therein.  Should any person or entity institute any kind
17 of claim or action against the government with regard to its
18 forfeiture of the defendant funds, the potential claimants agree to
19 hold harmless and indemnify the United States.

20     4.  This Court has jurisdiction in this matter pursuant to 28
21 U.S.C. §§ 1345 and 1355, as this is the judicial district in which
22 acts or omissions giving rise to the forfeiture occurred.

23     5.  This Court has venue pursuant to 28 U.S.C. § 1395, as this
24 is the judicial district in which the defendant funds were seized.

25     6.  The parties herein desire to settle this matter pursuant
26 to the terms of a duly executed Stipulation for Consent Judgment of
27 Forfeiture.

28     Based upon the above findings, and the files and records of

4

the Court, it is hereby ORDERED AND ADJUDGED:

7. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8. All right, title, and interest in the defendant funds shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

9. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of the defendant funds. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed. The parties have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

10. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

11. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

1     12.   All parties will bear their own costs and attorneys'
2 fees.
3     IT IS SO ORDERED.
4 DATED: _____
                                    GARLAND E. BURRELL, JR.
5                                     United States District Judge

## CERTIFICATE OR REASONABLE CAUSE

    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

Dated: November 13, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

6